973 So.2d 1160 (2006)
Alan M. O'NEAL and A & J Holdings, LLC, a Florida Limited Liability Company, Petitioners,
v.
Robert E. BLACKERBY; Florida Bahama Group, LLC, a Florida Limited Liability Company; and Robert Blackerby & Associates, LLC, an Alabama Limited Liability Company and William H. Smith, South Walton Properties, LLC, a Florida Limited Liability Company; BAB Developers, LLC, a Florida Limited Liability Company, BAB Developers I, LLC, a Florida Limited Liability Company; BAB Developers II, LLC, a Florida Limited Liability Company; BAB Developers III, LLC, a Florida Limited Liability Company; BAB Developers IV, LLC, a Florida Limited Liability Company; BAB Developers V, LLC, a Florida Limited Liability Company; BAB Developers VI, LLC, a Florida Limited Liability Company; BAB Developers VII, a Florida Limited Liability Company; BAB I, LLC, a Florida Limited Liability Company; and BAB II, LLC, a Florida Limited Liability Company, Respondents.
No. 1D06-2972.
District Court of Appeal of Florida, First District.
December 21, 2006.
Rehearing Denied January 26, 2007.
J. Nixon Daniel, III, Mary Jane Bass, and Terrie L. Didier of Beggs & Lane, Pensacola; Major B. Harding and John R. Beranek of Ausley & McMullen, P.A., Tallahassee, for Petitioners.
Jeffrey P. Whitton, Panama City; W. Dexter Douglass and Thomas Porter Crapps, Tallahassee; Philip A. Bates, Pensacola; and Martha Blackmon-Milligan, Panama City, for Respondents Robert E. Blackerby, Florida Bahama Group, LLC, and Robert Blackerby & Associates, LLC.
PER CURIAM.
The petitioners challenge an order granting sanctions and a warrant for civil contempt. Because underlying orders have been reversed, the certiorari petition is granted and the challenged orders are quashed.
We do not doubt the trial court's authority to resort to civil contempt in an appropriate case. We have quashed the civil contempt order only because the underlying orders with which it was designed to compel compliance have themselves been reversed.
No litigant is at liberty to pick and choose which court orders to obey and which to disregard. The failure to comply *1161 with a court order may be the basis for criminal contempt proceedings. Every litigant subject to a court order must comply with the order or appeal it and, even when review has been sought, is under a duty to comply with any court order that has not been stayed or reversed.
ALLEN, BENTON, and HAWKES, J.J., concur.